# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. OWCA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 CV 864 |
| ) | |
| CITIBANK (SOUTH DAKOTA) N.A., ) | Judge Marvin E. Aspen |
| CAPITAL ONE SERVICES, INC., BANK OF ) | |
| AMERICA, N.A., RETRIEVAL MASTERS ) | |
| CREDITORS BUREAU, INC., NATIONAL ) | |
| CREDIT AND COLLECTORS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

On April 4, 2007, Christopher J. Owca filed a six-count amended complaint against Citibank (South Dakota) N.A., Capital One Services, Inc., Bank of America, N.A., Retrieval Masters Creditors Bureau, Inc., and Nationwide Credit, which was incorrectly sued as National Credit and Collectors, Inc.  Before us is Nationwide's motion for summary judgment.  For the reasons stated below, we grant Nationwide's motion.

**II.  BACKGROUND**

Owca claims that his mortgage broker, David Wesolowski, stole his identity in 2003.  (Am. Compl. at pg. 1, ¶ 4)  Owca alleges that Wesolowski used his access to Owca's private information to make unauthorized purchases and cash withdrawals on a number of credit cards including, but not limited to, Owca's Bank of America account ending in 3411. (*Id.* at pg. 2, ¶ 6)

Owca opened the 3411 account on April 2, 2001.  (Ex. H to Am. Compl.)  In February 2004, Owca realized he was not receiving statements for this account.  (Am. Compl. at pg. 6, ¶ 7)  He

contacted Bank of America and requested a summary of charges and a transaction report. (*Id.* at pg. 6, ¶¶ 8-9) After reviewing both documents, Owca noticed a dramatic increase in credit card activity during October 2003. (*Id.* at pg. 6, ¶ 8) Owca alleges that he notified Bank of America of the possible identity theft and fraud impacting his account, and that he reported the same to the Illinois Attorney General's Office. (*See id.* at pg. 17, ¶ 31; Exs. H & P to Am. Compl.) While the precise timing of his contact with the Attorney General's Office – and the very existence of his communication with Bank of America – are not clear from the record, we do know that the Attorney General's Office forwarded to Bank of America the letter they received from Owca. (Ex. P to Am. Compl.) In a letter dated October 3, 2006, Bank of America rejected Owca's fraud claim. (Ex. P to Am. Compl.)

On April 4, 2007, Owca filed a six-count amended complaint alleging violations of the Fair Credit and Reporting Act, 15 U.S.C. § 1681 *et seq.*, and defamation. While none of the counts in the amended complaint are directed at Nationwide, Owca alleges that Nationwide at one time owned the debt in the 3411 account. (Nationwide's Statement of Material Facts at ¶ 4) On that basis, Owca names Nationwide as a defendant and requests forgiveness of the debt associated with the 3411 account. (*Id.* at ¶¶ 5, 7)

On April 30, 2007, Nationwide filed a motion for summary judgment. Nationwide contends that it does not own the 3411 account or any associated debt, and that it therefore cannot forgive any of Owca's debt. (Mot. for S.J. at ¶ 7) Owca was to file a response to Nationwide's motion by June 8, 2007. To date, Owca has neither filed a response nor requested an extension of time to respond.

**I.    STANDARD OF REVIEW**

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue for

trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." FED. R. CIV. P. 56(e).

## II. ANALYSIS

In its motion for summary judgment, Nationwide contends it is an improper defendant because it does not have an ownership interest in the debt associated with the 3411 account. (Mot. for S.J. at ¶ 7) In support, Nationwide submits a signed affidavit from Janet DeYoung, Nationwide's Vice President of Compliance, stating it does not have an ownership interest in the debt. (DeYoung Aff. at ¶ 5) Although a single affidavit might not in all cases satisfy a movant's burden of production, the circumstances here favor our reliance on DeYoung's affidavit. Nationwide is in this case forced to prove a negative – the non-existence of an ownership interest in the 3411 account. Because DeYoung's affidavit is "made on personal knowledge, . . . set[s] forth such facts as would be admissible in evidence, and . . . show[s] affirmatively that the affiant is competent to testify to the matters stated therein," we find it sufficient to satisfy Nationwide's burden of production here. FED. R. CIV. P. 56(e); *see also, e.g., U.S. Gypsum Co. v. LaFarge North America, Inc.*, 2007 WL 1100804, at *16 (N.D. Ill. Apr. 3, 2007) ("Most affidavits and much testimony are self-serving. Like any other testimony, self-serving testimony is to be accepted on summary judgment as long as

it is based on personal knowledge, sufficiently specific, not disputed by contrary evidence of the nonmovant, and in compliance with any other evidentiary criteria applicable to the particular testimony.").

As noted, Owca has not responded to Nationwide's motion. To challenge a motion for summary judgment, the nonmoving party cannot merely rest upon the allegations contained in its pleading. FED. R. CIV. P. 56(e). "If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact." *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir.1990). Here, Owca has not even attempted to satisfy his burden. He has therefore failed to demonstrate the existence of a genuine issue with respect to the ownership of the 3411 debt and Nationwide's role in this case.

## V. CONCLUSION

For the reasons stated above, we grant Nationwide's motion for summary judgment.

It is so ordered.

_____
**Honorable Marvin E. Aspen**

**United States District Court Judge**

**Date: July 31, 2007**