**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER J. OWCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 864 |
| | ) | |
| CITIBANK (SOUTH DAKOTA) N.A., | ) | Judge Marvin E. Aspen |
| CAPITAL ONE SERVICES, INC., BANK OF | ) | |
| AMERICA, N.A., RETRIEVAL MASTERS | ) | |
| CREDITORS BUREAU, INC., NATIONAL | ) | |
| CREDIT AND COLLECTORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

On April 4, 2007, Christopher J. Owca filed a six-count amended complaint against Citibank (South Dakota) N.A., Capital One Services, Inc., Bank of America, N.A., Retrieval Masters Creditors Bureau, Inc., and National Credit and Collectors, Inc. Before us is Retrieval's motion for summary judgment. For the reasons stated below, we grant Retrieval's motion.

**II.    BACKGROUND**

Owca claims his identity was stolen by his mortgage broker, David Wesolowski, in 2003. (Am. Compl. at pg. 1, ¶ 4) Owca alleges that Wesolowski used his access to Owca's private information to make unauthorized purchases and cash withdrawals on a number of credit cards including, but not limited to, Owca's Bank of America accounts ending in 3411 and 2492. (*Id.* at pg. 2, ¶ 6)

Owca opened the 3411 account on April 2, 2001. (Ex. H to Am. Com.) In February 2004,

Owca realized he was not receiving statements for this account. (Am. Compl. at pg. 6, ¶ 7) He contacted Bank of America and requested a summary of charges and a transaction report. (*Id.* at pg. 6, ¶¶ 8-9) After reviewing both documents, Owca noticed a dramatic increase in credit card activity during October 2003. (*Id.* at pg. 6, ¶ 8) Owca alleges that he notified Bank of America of the possible identity theft and fraud impacting his account, and that he reported the same to the Illinois Attorney General's Office. (*See id.* at pg. 17, ¶ 31; Exs. H & P to Am. Compl.) While the precise timing of his contact with the Attorney General's Office – and the very existence of his communication with Bank of America – are not clear from the record, we do know that the Attorney General's Office forwarded to Bank of America the letter they received from Owca. (Ex. P to Am. Compl.) In a letter dated October 3, 2006, Bank of America rejected Owca's fraud claim. (Ex. P to Am. Compl.)

On April 4, 2007, Owca filed a six-count amended complaint alleging violations of the Fair Credit and Reporting Act, 15 U.S.C. § 1681 *et seq.*, and defamation. Count V alleges that Bank of America's failure to reasonably investigate the alleged identity theft related to the 3411 account allowed Wesolowski to add himself to additional accounts (including the account ending in 2492) and incur additional debts, to Owca's detriment. (Am. Compl. at pgs. 18-19, ¶ 41) While none of the counts in the amended complaint are directed at Retrieval, Owca alleges that Retrieval purchased the debt in the 2492 account. (Retrieval's Statement of Material Facts at ¶ 4) On that basis, Owca names Retrieval as a defendant and requests forgiveness of the debt associated with the 2492 account. (*Id.* at ¶¶ 5, 7)

On April 30, 2007, Retrieval filed a motion for summary judgment. Retrieval contends that it does not own the 2492 account or any associated debt, and that it therefore cannot forgive any of Owca's debt. (Mot. for S.J. at ¶ 7) Owca was to file a response to Retrieval's motion by June 8,

2007. To date, Owca has neither filed a response nor requested an extension of time to respond.

## III. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." FED. R. CIV. P. 56(e).

## IV. ANALYSIS

In its motion for summary judgment, Retrieval contends it is an improper defendant because it does not have an ownership interest in the debt associated with the 2492 account. (Mot. for S.J. at ¶ 7) In support, Retrieval presents two pieces of evidence. First, Retrieval refers to Exhibit Q to Plaintiff's Amended Complaint, which indicates Retrieval's role in connection with the 2492 debt was limited to providing collection services for the actual owner of the debt, Collect America, Ltd. (Ex. Q to Mot. for S.J.; Mot. for S.J. at ¶ 3) Additionally, Retrieval submits a signed affidavit from Jeffrey S. Wollman, Retrieval's Compliance Officer, which states that Retrieval does not have an ownership interest in the debt. (Wollman Aff. at ¶ 8) We find these submissions sufficient to meet Retrieval's initial burden of production.

As noted, Owca has not responded to Retrieval's motion. To challenge a motion for summary judgment, the nonmoving party cannot merely rest upon the allegations contained in its pleading. FED. R. CIV. P. 56(e). "If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact." *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir.1990). Here, Owca has not even attempted to satisfy his burden. He has therefore failed to demonstrate the existence of a genuine issue with respect to the ownership of the 2492 debt and Retrieval's role in this case.

## V. CONCLUSION

For the reasons stated above, we grant Retrieval's motion for summary judgment.

It is so ordered.

_____

**Honorable Marvin E. Aspen**

**United States District Court Judge**

**Dated: July 31, 2007**